IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| Sandra Gebhards, | ) | Civil No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Total Service Supply, L.P., John Parris, | ) | |
| Jr., G. W. Rider, R. D. Shamsie, and | ) | |
| Ron Richard, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

[1]   COMES NOW the plaintiff and, for her complaint against the defendants, alleges and shows as follows:

Parties and Background

[2]   Sandra Gebhards ("Gebhards") is a resident of Idaho.

[3]   Total Service Supply, L.P. ("Total Service Supply") is a Texas limited partnership with its principal office in Louisiana that does business in North Dakota.

[4]   John Parris, Jr. ("Parris") is a resident of Montana and was, at all relevant times, an employee and agent of Total Service Supply.

[5]   G. W. Rider ("Rider") is a resident of Texas and is a general partner of Total Service Supply.

[6]   R. D. Shamsie ("Shamsie") is a resident of Texas and is a general partner of Total Service Supply.

1

[7]   Ron Richard ("Richard") is a resident of Texas and is a general partner of Total Service Supply.

[8]   On or about June 7, 2012, Gebhards was driving on U.S. Highway 85 in McKenzie County, North Dakota, and was waiting for oncoming traffic to pass prior to making a left turn.

[9]   Parris was driving a motor vehicle on U.S. Highway 85 in the same direction as Gebhards and behind her.

[10] The vehicle that Parris was driving was owned by Total Service Supply.

[11] Parris was driving the vehicle within the scope of his employment with Total Service Supply.

[12] Parris did not yield to Gebhards, slow for her, or adjust his path and collided with Gebhards from behind.

[13] Gebhards suffered serious injuries as a direct and proximate result of the collision between the Total Service Supply vehicle and her own.

Jurisdiction and Venue

[14] None of the defendants is a resident of the same state as the plaintiff, namely Idaho.

[15] The amount in controversy exceeds $75,000.00.

[16] This court has jurisdiction over the parties because the causes of action arise from a motor vehicle accident that took place in North Dakota.

[17] This court has jurisdiction over the causes of action under 28 U.S.C. § 1332(a)(1).

[18] This is the proper venue for this action under 28 U.S.C. 1391(b)(2), D.N.D. Civ. L. R. 3.1(A), and D.N.D. Gen. L. R. 1.1(1).

## Count I – Negligence (Parris)

[19] The foregoing allegations are incorporated herein by reference.

[20] Parris owed a duty of care to Gebhards to operate the Total Service Supply motor vehicle in a safe manner so as not to collide with other vehicles, including the one driven by Gebhards.

[21] Parris breached his duty of care.

[22] Parris' breach of duty directly and proximately has caused and will cause Gebhards to suffer damages in an amount to be proved at trial, estimated to be $1,500,000.00.

## Count II – Respondeat Superior (Total Service Supply)

[23] The foregoing allegations are incorporated herein by reference.

[24] At all times, Parris was acting within the scope of his employment with Total Service Supply.

[25] Total Service Supply is vicariously liable for the tortious acts of its agents, including Parris.

[26] Total Service Supply is liable to Gebhards for the injuries that she has suffered and will suffer as a result of Parris' negligence, in an amount to be proved at trial, estimated to be $1,500,000.00.

## Count III – Negligence (Total Service Supply)

[27] The foregoing allegations are incorporated herein by reference.

[28] Total Service Supply owed a duty to exercise reasonable care in the operation of its business in North Dakota so as not to cause injury to Gebhards.

[29] Total Service Supply breached its duty to exercise reasonable care by, inter alia, hiring an unsafe driver, to-wit Parris, failing to enforce safety requirements on its drivers including Parris, failing to restrict its drivers' hours on duty, and failing to comply with the Federal Motor Carrier Safety regulations.

[30] Total Service Supply's breach of duty directly and proximately has caused and will cause Gebhards to suffer damages in an amount to be proved at trial, estimated to be $1,500,000.00.

Count IV – Imputed Liability (Rider, Shamsie, and Richard)

[31] The foregoing allegations are incorporated herein by reference.

[32] All tortious acts of Parris and Total Service Supply were in furtherance of the business of Total Service Supply.

[33] Rider, Shamsie, and Richard are general partners of Total Service Supply.

[34] As general partners, Rider, Shamsie, and Richard are personally liable for the liabilities of the partnership.

[35] Rider, Shamsie, and Richard are liable to Gebhards for the vicarious liability of Total Service Supply for Parris' tortious conduct in an amount to be proved at trial, estimated to be $1,500,000.00.

[36] Rider, Shamsie, and Richard are liable to Gebhards for Total Service Supply's negligence in an amount to be proved at trial, estimated to be $1,500,000.00.

## Prayer for Relief

[37] WHEREFORE the plaintiff prays for judgment as follows:

a. For an award of her damages—past and future, economic and noneconomic—in an amount to be proved at trial, which she estimates to be $1,500,000.00;

b. For the defendants to be held jointly and severally liable;

c. For an award of her costs, disbursements, and, to the extent allowed by applicable law, attorney fees herein; and

d. For such other relief as the Court deems just and equitable in the circumstances.

## Demand for Jury Trial

[38] The plaintiff demands a trial by jury of the maximum size on all issues triable to a jury herein.

Dated this 24th day of May, 2018.

/s/ Ariston E. Johnson
Ariston E. Johnson #06366
ari@dakotalawdogs.com
Johnson & Sundeen
P.O. Box 1260
Watford City, ND 58854
(701) 444-2211